UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FOMENTO DE CONSTRUCCIONES Y CONTRATAS, S.A., *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2199 |
| | § § | |
| VEROLUBE, INC., | § § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant VeroLube's Motion to Dismiss. Doc. 7. Having considered the motion, response, reply, the facts in the record, and the applicable law, the Court concludes Defendant's Motion to Dismiss (Doc. 7) should be partially granted.

**I.    Background**

This is an employee solicitation case. In connection with the possible purchase of FCC Environmental,[1] Defendant VeroLube entered into a Confidentiality Agreement prohibiting solicitation of employees. VeroLube subsequently hired two employees of FCC Environmental. Plaintiffs allege upon information and belief that the employees disclosed confidential information and trade secrets. Doc. 8.

**II.   Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of

---

[1] FCC Environmental, LLC has been substituted as Plaintiff by its successor HCC Corporation, LLC. Doc. __.

which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

### III. Discussion

#### A. Breach of Confidentiality Agreement

Plaintiffs assert one cause of action, breach of the Confidentiality Agreement. Doc. 8 at 3. The elements of breach of contract are: (1) valid contract, (2) plaintiff's performance, (3) defendant's breach, and (4) damages caused by breach. *Winchek v. Am. Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). VeroLube does not dispute elements (1) and (2). VeroLube argues Plaintiffs have failed to state a claim as to elements (3) and (4), i.e. breach of the Confidentiality Agreement and resulting damages.

The Confidentiality Agreement provides:

> For the period beginning on the Effective Date and ending earlier of (a) the execution of definitive documents consummating the Potential Transaction and (b) in the event that the Potential Transaction does not proceed for any reason, during the period of eighteen (18) months after the Effective Date of this Agreement, neither the Recipient nor its affiliates will, directly or indirectly, recruit, solicit, or entice for employment or engagement or endeavor to solicit or induce or attempt to induce or entice away (other than solicit as a result of placing a public advertisement or conducting a general solicitation which is not specifically targeted at any employee) any *senior manager* who is at any time during those negotiations *employed by the Companies* (or seconded by FCC to the Companies) and *involved in such negotiations*, whether or not that person would commit any breach of his or her employment agreement in leaving the employment of the Companies or FCC, as the case may be.

Doc. 7-2 ¶ 8 (emphasis added). The "Companies" include FCC Environmental. Doc. 7-2 at 1. The provision above thus bars solicitation by VeroLube of (1) senior managers (2) employed by FCC Environmental (3) who were involved in the negotiations over the potential sale of FCC Environmental. Plaintiffs specifically allege VeroLube hired two employees who were "senior

managers of Plantiff FCC Environmental after it entered into the Confidentiality Agreement and were involved in the negotiations." Doc. 8 at 3. VeroLube has not denied these allegations.

As for the element of damages, Plaintiffs allege VeroLube's unauthorized hiring of the two employees "has caused monetary damages to Plaintiffs because these men have confidential information and trade secrets (including, but not limited to, lists of customers and suppliers) that, upon information and belief, have been disclosed to Defendant Verolube." Doc. 8 at 3. VeroLube argues Plaintiffs "wholly fail to identify any damages actually suffered as a result of any alleged conduct of VeroLube." Doc. 7 at 5. VeroLube has not denied the allegations of damages and provides no authority for its argument that the allegations fail to state a plausible claim.

B. Standing of FCC Environmental, LLC

VeroLube argues HCC Corporation, LLC (formerly FCC Environmental, LLC) lacks standing, because it was not a party to the Confidentiality Agreement. The Confidentiality Agreement provides:

> This Agreement is for the sole benefit of the parties hereto and their respective successors and permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Agreement.

Doc. 7-2 ¶ 21; *see MCI Telecommunications Corp. v. Texas Utilities Elec. Corp.*, 995 S.W.2d 647, 651 (Tex. 1999) (denying third-party beneficiary status where contract stated it "shall [not] be construed as being for the benefit of any party not in signatory hereto"). Plaintiffs respond that the Confidentiality Agreement is "ambiguous" because, in spite of the express denial of intent to benefit third parties, the nonsolicitation provision nonetheless benefits FCC Environmental and to hold otherwise would be "illogical." Doc. 11 at 6. Incidental benefit, however, is not enough for third-party beneficiary status; the parties must *intend* for the third

party to benefit from the written agreement. *MCI Telecommunications*, 995 S.W.2d at 651. The provision above expressly states that the parties intend for the Agreement not to benefit third parties, and Plaintiffs cannot point to any express language in the Agreement to the contrary.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **DENIED** as to Plaintiff Fomento de Construcciones Y Contratas, S.A., and **GRANTED** as to Plaintiff HCC Corporation, LLC  It is further

**ORDERED** that Plaintiff HCC Corporation, LLC's case is **DISMISSED**.

SIGNED at Houston, Texas, this 13th day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE